1

2   SEYFARTH SHAW LLP
    Justin T. Curley (SBN 233287)
3   jcurley@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California 94105
    Telephone:    (415) 397-2823
5   Facsimile:    (415) 397-8549

6   SEYFARTH SHAW LLP
    John W. Drury (*pro hac vice* forthcoming)
7   jdrury@seyfarth.com
    233 South Wacker Drive, Suite 8000
8   Chicago, Illinois 60606-6448
    Telephone: (312) 460-5000
9   Facsimile: (312) 460-7000

10  SEYFARTH SHAW LLP
    Eric Suits (SBN # 232762)
11  esuits@seyfarth.com
    400 Capitol Mall, Suite 2350
12  Sacramento, California 95814
    Telephone: (916) 498-7032
13  Facsimile: (916) 558-4839

14  Attorneys for Defendants
    HAIR CLUB FOR MEN, LLC and
15  HAIR CLUB FOR MEN LTD., INC.

16              **UNITED STATES DISTRICT COURT**

17             **NORTHERN DISTRICT OF CALIFORNIA**

18

19  ADELA GASTELUM, on behalf of herself,        Case No. _____
    all others similarly situated,
20                                                **NOTICE OF JOINT REMOVAL OF CIVIL**
                          Plaintiff,              **ACTION BY DEFENDANTS HAIR CLUB FOR**
21                                                **MEN, LLC AND HAIR CLUB FOR MEN LTD.,**
               vs.                                **INC.**
22
    HAIR CLUB FOR MEN, LLC; HAIR CLUB            [28 U.S.C. §§ 1331, 1441 & 1446]
23  FOR MEN LTD., INC.; and DOES 1 TO
    100, inclusive,                               Trial Date:  Not Set
24                                                Date Action Filed:
                          Defendants.             Complaint Filed:  September 29, 2020
25
                                                  Removal from Superior Court of California, County
26                                                of Alameda; Case No.: RG20075520

27

28

---

NOTICE OF JOINT REMOVAL BY DEFENDANTS HAIR CLUB FOR MEN, LLC AND
HAIR CLUB FOR MEN LTD., INC.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ADELA GASTELUM AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants HAIR CLUB FOR MEN, LLC and HAIR CLUB FOR MEN LTD., INC. (collectively, "Defendants") hereby remove the above-entitled action, Case No. RG20075520, from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein.  In support of their Notice of Removal, Defendants state as follows:

## PLEADINGS, PROCESSES, AND ORDERS

1.      On September 29, 2020, Plaintiff ADELA GASTELUM ("Plaintiff") filed a purported Class Action Complaint against Defendants in the Superior Court of California, County of Alameda, entitled *Adela Gastelum v. Hair Club for Men, LLC, et al.*, Case No. RG20075520.

2.      Plaintiff's Complaint purports to alleges five causes of action against Defendants for: (1) Failure to Provide Disclosures or Proper Disclosures in Violation of 15 U.S.C. § 1681b(b)(2)(A) of the federal Fair Credit Reporting Act ("FCRA"); (2) Failure to Provide Summary of Rights in Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) of the FCRA; (3) Violation of California Civil Code § 1786, *et seq.* ("ICRAA"); (4) Violation of California Civil Code § 1785, *et seq.* ("CCRAA"); and (5) Violation of Business and Professions Code § 17200 *et seq.*.

3.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, notices, and orders served upon Defendants in this action are attached as **Exhibit A** and all process, pleadings, notices, and orders served upon Defendants.

4.      Prior to filing this Notice of Removal, Defendants' filed their answer to complaint on November 18, 2020 in the Superior Court of the State of California, County of Alameda.  A copy of the answer that was filed is attached as **Exhibit B**.

**TIMELINESS OF REMOVAL**

5.    On October 20, 2020, Plaintiff purported to serve Defendants with a copy of the Complaint.

6.    This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a)(1)(C); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

**UNANIMITY OF DEFENDANTS FOR REMOVAL**

7.    Defendants hereby join together in this Notice of Removal of Civil Action.  Both Defendants consent to the removal of this Action.

8.    Defendants are informed and believe that none of the Doe Defendants in this case have been identified or served.  Doe Defendants designated 1 through 100 are fictitious, are not parties to this action, have not been served and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).  For this reason, the Doe Defendants need not join in this removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (general rule that all defendants must join in removal applies only to defendants served in the action); *Republic Western Ins. V. Int'l Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal.").

**BASIS FOR REMOVAL**

**FEDERAL QUESTION JURISDICTION**

9.    28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, a federal statute.

11.    Specifically, Plaintiff asserts claims under Sections 1681b(b)(2), 1681d(a)(1) and 1681g(c) of the FCRA.  (**Exhibit A**, Complaint at ¶¶ 40-66.)  Accordingly, this action presents a federal

1    question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of

2    Plaintiff's Complaint is proper.

3                          **SUPPLEMENTAL JURISDICTION**

4        12.    When a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. §

5    1331, the district court can also exercise concurrent jurisdiction of the state law claims included in said

6    action that "form part of the same case or controversy" as the federal law claims.  28 U.S.C. § 1367(a).

7    This language has been interpreted to allow the district courts to assert jurisdiction over state law claims

8    that arise from the same transaction or occurrence as the applicable federal law claims.  *See Raygor v.*

9    *Regents of the University of Minnesota*, 534 U.S. 533, 540 (2002); *Executive Software North America,*

10   *Inc. v. United States District Court for the Central District of California*, 24 F.3d 1545, 1564 (9th Cir.

11   1994).

12       13.    In the instant action, the gravamen of the Complaint is that Defendants allegedly

13   unlawfully obtained a consumer report without the necessary disclosures mandated by the FCRA,

14   ICRAA, and CCRAA as part of its background check and hiring procedures. Thus, it is clear that all of

15   the claims arise from the same basic transaction or occurrence.  In turn, this enables the Court to assert

16   jurisdiction over all of the claims in the Complaint.

17       14.    Because the Court has jurisdiction over both the federal law and state law claims in

18   Plaintiff's Complaint, the entire case can be properly removed to federal court.  28 U.S.C. § 1441(c).

19                                   **VENUE**

20       15.    Venue lies in the U.S. District Court for the Northern District of California pursuant to 28

21   U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of

22   the State of California, County of Alameda and thus should be removed to the San Francisco or Oakland

23   Division of this Court per Civil Local Rules 3-2(c) and (d).

24              **SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

25       16.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff

26   and filed with the Clerk of the Superior Court of the State of California in and for the County of

27   Alameda as required under 28 U.S.C. § 1446(d).

28

---

NOTICE OF JOINT REMOVAL BY DEFENDANTS HAIR CLUB FOR MEN, LLC AND
HAIR CLUB FOR MEN LTD., INC.

1

## **RESERVATION OF RIGHTS**

2        17.    By filing this Notice of Removal, Defendants do not concede nor waive any defense or

3 motion relating to this action.  Defendants reserve all defenses.

4        WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of

5 California, County of Alameda to the United States District Court for the Northern District of California,

6 San Francisco or Oakland Division.

7

8 DATED: November 18, 2020           Respectfully submitted,

9                                 SEYFARTH SHAW LLP

10

11                           By: */s/ Eric Suits*

                                 Justin T. Curley

12                                 John W. Drury (*pro hac vice* application

                                 forthcoming)

13                                 Eric Suits

                              Attorneys for Defendants

14                               HAIR CLUB FOR MEN, LLC and

                               HAIR CLUB FOR MEN LTD., INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

FAX FILE

1  Joseph Lavi, Esq. (SBN 209776)
   Email: jlavi@lelawfirm.com
2  N. Nick Ebrahimian, Esq. (SBN 219270)
   Email: nebrahimian@lelawfirm.com
3  Vincent C. Granberry, Esq. (SBN 276483)
   Email: vgranberry@lelawfirm.com
4  Courtney M. Miller, Esq. (SBN 327850)
   Email: cmiller@lelawfirm.com
5  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Boulevard, Suite 200
6  Beverly Hills, California 90211
   Telephone: (310) 432-0000
7  Facsimile: (310) 432-0001

8  Attorneys for Plaintiff ADELA GASTELUM,
   on behalf of herself and others similarly situated

**FILED**
ALAMEDA COUNTY

SEP 29 2020

CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF ALAMEDA**

11

12  ADELA GASTELUM, on behalf of herself      Case No.:  **R G 2 0 0 7 5 5 2 0**
    and others similarly situated,

13                                            **CLASS ACTION**
              Plaintiff,
14                                            **PLAINTIFF'S COMPLAINT FOR:**
         vs.
15                                            1.  **FAILURE TO PROVIDE**
    HAIR CLUB FOR MEN, LLC; HAIR CLUB             **DISCLOSURES OR PROPER**
16  FOR MEN LTD., INC.; and DOES 1 to 100,        **DISCLOSURES IN VIOLATION**
    inclusive,                                    **OF 15 U.S.C. § 1681b(b)(2)(A) (FAIR**
17                                                **CREDIT REPORTING ACT)**
              Defendants.
18                                            2.  **FAILURE TO PROVIDE**
                                                  **SUMMARY OF RIGHTS IN**
19                                                **VIOLATION OF 15 U.S.C. §§**
                                                  **1681d(a)(1) AND 1681g(c) (FAIR**
20                                                **CREDIT REPORTING ACT)**

21                                            3.  **VIOLATION OF CALIFORNIA**
                                                  **CIVIL CODE § 1786, ET SEQ.**
22                                                **(INVESTIGATIVE CONSUMER**
                                                  **REPORTING AGENCIES ACT)**
23
                                              4.  **VIOLATION OF CALIFORNIA**
24                                                **CIVIL CODE § 1785, ET SEQ.**
                                                  **(CONSUMER CREDIT**
25                                                **REPORTING AGENCIES ACT)**

26                                            5.  **VIOLATION OF BUSINESS AND**
                                                  **PROFESSIONS CODE § 17200, ET**
27                                                **SEQ. (UNFAIR COMPETITION)**

28                                            **DEMAND FOR JURY TRIAL**

                          **COMPLAINT**
                              1

**COMES NOW** Plaintiff ADELA GASTELUM ("Plaintiff"), individually, and on behalf of others similarly situated, who alleges and complains against Defendants HAIR CLUB FOR MEN, LLC; HAIR CLUB FOR MEN LTD., INC.; and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.      This class action arises from the acquisition and use of consumer, investigative, and/or credit reports (collectively referred to as "background reports") by Defendants, one of whom is Delaware limited liability corporation and one of whom is a Florida corporation, to conduct background checks on Plaintiff and similarly situated prospective, current, and former employees.

2.      Defendants routinely obtain and use information from background reports in connection with their hiring and employment practices without complying with state and federal mandates for doing so. As part of this practice, Defendants failed to provide a requisite disclosure form or, in the alternative, provided a disclosure form to Plaintiff and similarly situated prospective, current, and former employees as part of their hiring process that was noncompliant with state and federal statutes.

3.      Plaintiff, individually and on behalf of similarly situated prospective, current, and former employees of Defendants, seeks compensatory and punitive damages due to Defendants' willful or grossly negligent conduct and its systematic and willful violations of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*; the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785 *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

4.      Defendants have violated the requirements under these statutes by failing to provide required disclosures and/or failing to provide legally compliant disclosures. The procurement of background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA and CCRAA. Among other things, Defendants may not procure background reports

unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes. This required disclosure document is sometimes referred to as a "pre-authorization form" or a "disclosure form."

5. The reason for requiring that the disclosure be in a stand-alone document, according to the Federal Trade Commission ("FTC"), is to prevent consumers from being distracted by other information that is side-by-side within the disclosure. The FCRA seeks to protect important privacy rights and to ensure that consumers receive adequate disclosure and provide adequate authorization for background checks. A stand-alone disclosure form is critical to achieving that goal.

6. Defendants failed to provide the required stand-alone disclosure form or, alternatively, provided a disclosure form that contained extraneous and irrelevant information, which violates the requirement that the disclosure be made in a document that consists solely of the disclosure. Additionally, because Defendants failed to provide a disclosure form, Defendants therefore, failed to provide a clear and conspicuous disclosure form that may be understood by a reasonable reader or, in the alterative, Defendants' disclosure form failed to be clear and conspicuous because it contained language that would confuse a reasonable reader. For these reasons, among others, Defendants' failure to provide a disclosure form or, alternatively, the disclosure form provided by Defendants violated the law.

7. As further alleged herein, Defendants' violations occurred because Defendants willfully failed to provide required disclosures or, alternatively, willfully failed to properly apprise themselves of the statutory mandates before seeking, acquiring, and utilizing background reports for employment purposes; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

8. As a result of Defendants' omissions and/or wrongful acts, Plaintiff and similarly situated prospective, current, and former employees of Defendants have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA,

1    ICRAA, and CCRAA.

2        9.    Plaintiff, on behalf of herself and on behalf of similarly situated prospective,

3    current, and former employees of Defendants, statutory, seeks actual and/or compensatory

4    damages, punitive damages, and equitable relief, including costs and expenses of litigation

5    including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with

6    their legal obligations, as well as additional and further relief that may be appropriate. Plaintiff

7    reserves the right to amend this Complaint to add additional relief as permitted under applicable

8    law.

9                                    **JURISDICTION AND VENUE**

10       10.   This class action is brought pursuant to the California Code of Civil Procedure

11   section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

12   jurisdiction limits of the Superior Court and will be established according to proof at trial.

13       11.   This Court has jurisdiction over this action pursuant to the California Constitution,

14   Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes"

15   except those given by statute to other courts. The statutes under which this action is brought do not

16   specify any other basis for jurisdiction.

17       12.   This Court has jurisdiction over Defendants because, upon information and belief,

18   Defendants have sufficient minimum contacts in California, or otherwise intentionally avails itself

19   of the California market so as to render the exercise of jurisdiction over it by California courts

20   consistent with traditional notions of fair play and substantial justice.

21       13.   Venue is proper in this Court because, upon information and belief, Defendants

22   maintain offices, have agents, employ individuals, and/or transact business in the State of

23   California, County of Alameda. The majority of acts and omissions alleged herein relating to

24   Plaintiff and the other class members took place in the State of California, including the County of

25   Alameda.

26                                          **PARTIES**

27       14.   Plaintiff is, and at all relevant times mentioned herein, was an individual residing in

28   the State of California.

---

**COMPLAINT**

4

15.    Defendant HAIR CLUB FOR MEN, LLC, and at all relevant times mentioned herein, was a limited liability corporation organized and existing under the laws of Delaware and is and was doing business in the State of California, including the county of Alameda.

16.    Defendant HAIR CLUB FOR MEN LTD., INC. is, and at all relevant times mentioned herein, was a corporation organized and existing under the laws of Florida and is and was doing business in the State of California, including the county of Alameda.

17.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

18.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

19.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.    In or around July 2016, Plaintiff was hired by Defendants as a stylist.

21.    Plaintiff alleges in that evaluating Plaintiff for her position as an employee, Defendants procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(I)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as defined by Cal. Civ. Code Section 1785.3(c), and/or an investigative

consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

22.    On or around August 28, 2020 Plaintiff discovered Defendants' violations of the FCRA, ICRAA, and/or CCRAA when she obtained a copy of her personnel file from Defendants and discovered that Defendants had procured and/or caused to be procured a background report regarding her without providing her a document that constituted a disclosure form or, in the alterative, based on a non-compliant disclosure form.

23.    Plaintiff alleges that in connection with Defendants' evaluation of them for employment, Plaintiff and similarly situated prospective, current, and former employees of Defendants completed Defendants' standard application materials, which, on information and belief, were used regularly by Defendants to evaluate Plaintiff and similarly situated prospective, current, and former employees for employment during the relevant time period and included procuring and/or causing to be procured background reports on Plaintiff and similarly situated prospective, current, and former employees.

24.    When Plaintiff received of a copy of her personnel file from Defendants, it included a Background Screening Report evidencing that Defendants had obtained or caused to be obtained a background report on Plaintiff, but the personnel file did not include a document constituting a disclosure form signed by Plaintiff.  Plaintiff is informed, believes, and thereon alleges that Defendants failed to provide Plaintiff and similarly situated prospective, current, and former employees of Defendants with a document constituting a disclosure form or, in the alternative, failed to provide a legally-compliant document constituting a disclosure form that was clear and conspicuous, written, and stand-alone as required by 15 U.S.C. §§ 1681b(b)(2)(A), Cal. Civ. Code §§ 1786.16(a)(2), and Cal Civ. Code §§ 1785.20.5(a), prior to procuring or causing to be procured background reports on Plaintiff and similarly situated prospective, current, and former employees.

25.    By failing to provide Plaintiff and similarly situated prospective, current, and former employees with a document that constituted a written disclosure form, Plaintiff alleges Defendants violated the FCRA as follows:

(a)    Defendants failed to provide Plaintiff and similarly situated prospective, current, and former employees a document that constituted an FCRA disclosure in a separate

1  document that consisted solely of the disclosure before running background reports on them;

2          (b)     Defendants failed, within three days of requesting investigative consumer

3  reports regarding Plaintiff and similarly situated prospective, current, and former employees, to

4  inform them, in writing, of their right to request additional disclosures as provided in 15 U.S.C.

5  §1681d(b);

6          (c)     Defendants failed, within three days of requesting investigative consumer

7  reports regarding Plaintiff and similarly situated prospective, current, and former employees, to

8  provide them with a written summary of the rights of Plaintiff and similarly situated prospective,

9  current, and former employees pursuant to 15 U.S.C. §§1681g(c);

10          (d)     Defendants failed, within three days of requesting investigative consumer

11  reports regarding Plaintiff and similarly situated prospective, current, and former employees, to

12  provide them a disclosure, in writing, informing them of their right to request the additional

13  disclosures provided for under Section 1681d(b) of the FCRA; and

14          (e)     Defendants failed, within three days of requesting investigative consumer

15  reports regarding Plaintiff and similarly situated prospective, current, and former employees, to

16  provide them a written disclosure, including a written summary of their rights pursuant to Section

17  1681g(c) of the FCRA.

18      26.    By failing to provide Plaintiff and similarly situated prospective, current, and

19  former employees with a document that constituted a written disclosure form, Plaintiff alleges

20  Defendants violated the ICRAA as follows:

21          (a)     Defendants failed to provide Plaintiff and similarly situated prospective,

22  current, and former employees a clear and conspicuous disclosure in writing, in a document

23  consisting solely of the disclosure, at any time before a background report was procured or caused

24  to be procured on them that:

25             i.     an investigative report may be obtained;

26             ii.     identified the permissible purpose of the report;

27             iii.     the disclosure may have included information on Plaintiff's and

28  similarly situated prospective, current, and former employees' character, general reputation,

personal characteristics, and mode of living;

          iv.   identified the named, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

          v.   notified Plaintiff and similarly situated prospective, current, and former employees, in writing, of the nature and scope of the investigation requested, including a summary of the provisions of Cal. Civ. Code § 1786.22; and

          vi.   notified Plaintiff and similarly situated prospective, current, and former employees of the Internet Web site address of the investigative consumer reporting agency or, if the agency had no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether Plaintiff's and similarly situated prospective, current, and former employees' personal information will be sent outside the United States or its territories.

      (b)   Defendants failed to obtain written authorization of Plaintiff and similarly situated prospective, current, and former employees for the procurement of the report;

      (c)   Defendants failed to certify to the investigative consumer reporting agency that they had made the applicable disclosures to Plaintiff and similarly situated prospective, current, and former employees as required;

      (d)   Defendants failed to agree to provide copies of the reports to Plaintiff similarly situated prospective, current, and former employees;

      (e)   Defendants failed to provide Plaintiff and similarly situated prospective, current, and former employees a means by which they could indicate on a written form, by means of a box to check, that they wished to received a copy of any report that is prepared; and

      (f)   Defendants further failed to send Plaintiff and similarly situated prospective, current, and former employees a copy within three business days of the day the reports were provided to Defendants if Plaintiff and similarly situated prospective, current, and former employees which to received a copy of the report.

    27.   By failing to provide Plaintiff and similarly situated prospective, current, and former employees with a document that constituted a written disclosure form, Plaintiff alleges

Defendants violated the CCRAA as follows:

      (a)    Defendants failed to identify the specific basis under Labor Code §1024.5(a) for use of the report;

      (b)    Defendants failed to inform Plaintiff and similarly situated prospective, current, and former employees of Defendants of the source of the report; and

      (c)    Defendants failed to include a check box that and similarly situated prospective, current, and former employees of Defendants could check off to receive a copy of their credit report.

28.    In the alternative, Plaintiff alleges, if Defendants did provide Plaintiff and similarly situated prospective, current, and former employees with a document that constituted a written disclosure form, the written disclosure form provided was not compliant with the FCRA based on the following:

      (a)    It was not a stand-alone document;

      (b)    It was not a document that consisted solely of the disclosure; and

      (c)    It included extraneous information.

29.    In the alternative, Plaintiff alleges, if Defendants did provide Plaintiff and similarly situated prospective, current, and former employees with a document that constituted a written disclosure form, the written disclosure form provided was not compliant with the ICRAA based on the following:

      (a)    It was not provided at any time a background report was sought for employment purposes;

      (b)    It was not clear and conspicuous;

      (c)    It was not a stand-alone document;

      (d)    It was not a document that consisted solely of the disclosure;

      (e)    It included extraneous information;

      (f)    It failed to state that an investigate consumer report may be obtained;

      (g)    It failed to identify the permissible purpose of the report;

      (h)    It failed to provide that the disclosure may include information regarding

Plaintiff's and similarly situated prospective, current, and former employees' character, general reputation, personal characteristics, and mode of living;

          (i)     It failed to identify the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

          (j)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees, in writing, of the nature and scope of the investigation requested, including a summary of the provision of Cal. Civ. Code §1786.22; and

          (k)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees of the internet web site address of the investigative consumer reporting agency conducting the investigation.

30.     In the alternative, Plaintiff alleges, if Defendants did provide Plaintiff and similarly situated prospective, current, and former employees with a document that constituted a written disclosure form, the written disclosure form provided was not compliant with the CCRAA based on the following:

          (a)     It failed to identify the specific basis under Labor Code §1024.5(a) for use of the report;

          (b)     It failed to identify the source of the report; and

          (c)     It failed to include a check box that and similarly situated prospective, current, and former employees could check off to receive a copy of their credit report.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382 because there is a well-defined community of interest among many persons who comprise the classes defined below:

32.     Class Definitions: The classes are defined as follows:

          (a)     **FCRA Class**: All current, former, and prospective employees of Defendants in the United States at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final

judgment is entered in this action.

   (b) <u>ICRAA Class</u>: All current, former, and prospective employees of Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

   (c) <u>CCRAA Class</u>: All current, former, and prospective employees of Defendants Defendants at any time during the period for which a background check was performed beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action

  33. <u>Revisions to Proposed Class Definitions</u>: Plaintiff reserves the right to amend or modify the class definitions by further division into subclasses and/or by limitation to particular issues and/or to exclude improper constituents as may subsequently prove necessary.

  34. <u>Numerosity</u>: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under the law.

  35. <u>Commonality and Predominance</u>: Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

   (a) Whether it is Defendants' standard procedure to provide a stand-alone written disclosure that is clear and conspicuous to class members before obtaining a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

   (b) Whether it is Defendants' standard procedure to provide class members reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

   (c) Whether it is Defendants' standard procedure to provide class members with copies of their consumer report, investigative consumer report, and/or credit report in a timely

matter in compliance with the statutory mandates;

(d)     Whether it is Defendants' standard procedure to class members with a copy of the report, or summary of their rights under the FCRA;

(e)     Whether it is Defendants' standard procedure to identify a specific basis for requesting a consumer credit report in compliance with the statutory mandates;

(f)     Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

(g)     Whether Defendants' conduct described herein constitutes a violation of the UCL; and

(h)     The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

36.     <u>Typicality</u>: Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, and/or procedures, or a lack of a policy, practice, and/or procedure, which resulted in Defendants failing to comply with the FCRA, ICRAA, and/or CCRAA as alleged herein.

37.     <u>Adequacy of Class Representative</u>: Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

38.     <u>Adequacy of Class Counsel</u>: Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

39.     <u>Superiority</u>: A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the

monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE DISCLOSURE/PROPER DISCLOSURE IN VIOLATION OF 15 U.S.C. §§ 1681b(b)(2)(A) (FAIR CREDIT REPORTING ACT)

**(Against All Defendants and DOE Defendants by Plaintiff and the FCRA Class)**

40.     Plaintiff hereby incorporates by reference paragraphs 1-39 above, as if fully set herein by reference.

41.     Defendants are "persons" as defined by section 1681a(b) of the FCRA.

42.     Plaintiff and FCRA Class Members are consumers within the meaning section 1681a(c) of the FCRA, because they are "individuals."

43.     Defendants violated section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and FCRA Class Members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

44.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges Defendants have a policy, practice, and/or procedure of failing to provide any disclosure whatsoever or, in the alternative, failing to provide an adequate written disclosure to Plaintiff and FCRA Class Members before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy, practice, and/or procedure, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and FCRA Class Members without first providing a written disclosure or, in the alternative, a written disclosure in compliance with section 1681b(b)(2)(A) of the FCRA.

45.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of

Plaintiff and FCRA Class Members. Defendants' willful conduct is reflected by, among other things, the following:

(a)     Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)     The third-party background check provider in this case, Atlantic Personnel & Tenant Screening, Inc., is an established background check provider;

(c)     The plain language of the statute unambiguously indicates a written disclosure is required and that including extraneous and unclear inflammation in a disclosure violates disclosure requirements.

46.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to section 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

47.     As a result of Defendants' illegal procurement of consumer reports by way of their failure to provide a disclosure or, in that alternative, utilizing an inadequate disclosure, as set forth above, Plaintiff and FCRA Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

48.     Plaintiff, on behalf of himself and the FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

49.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER SUMMARY OF RIGHTS IN VIOLATION OF

### 15 U.S.C. §§ 1681d(a)(1) AND 1681g(c) (FAIR CREDIT REPORTING ACT)

### (Against All Defendants and DOE Defendants by Plaintiff and the FCRA Class)

50.     Plaintiff hereby incorporates by reference paragraphs 1-49 above, as if fully set herein by reference.

51.     15 U.S.C. § 1681d(a) states:

(a)     Disclosure of fact of preparation - A person may not procure or cause to be prepared an investigative consumer report on any consumer unless –

(1)     it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

(A)     is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B)     includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title....

52.     15 U.S.C. § 1681d(b) states:

(b)     Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

53.     15 U.S.C. § 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c)     Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1)     Commission summary of rights required

(A)     In general

The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B)     Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of-

(i)     the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

(ii)    the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;

        (iii)    the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;

        (iv)    the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

        (v)     the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

        (vi)    the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681 a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)(l)(C) of this title.

54.  As alleged herein, Defendants failed to comply with 15 U.S.C. § 1681d(a) because Defendants failed provide any disclosure or, in the alternative, failed to clearly and accurately disclose to Plaintiff and FCRA Class Members that an investigative consumer report including information as to their character, general reputation, personal characteristics, and mode of living may be made.

55.  Defendants further failed to comply with 15 U.S.C. § 1681d(a) and 15 U.S.C. § 1681d(b) because Defendants failed to provide Plaintiff and FCRA Class members a written disclosure, within three days of requesting an investigative consumer report regarding them, including a statement informing Plaintiff and FCRA Class Members of their right to request the additional disclosures provided for under Section 1681d(b) of the FCRA.

56.  In further violation of 15 U.S.C. § 1681d(a), because Defendants failed to provide Plaintiff and FCRA Class members a written disclosure, within three days of requesting an investigative consumer report regarding them, including a written summary of the rights of Plaintiff and FCRA Class members prepared pursuant to Section 1681g(c) of the FCRA.

57.  Additionally, Defendants did not comply with Section 1681g(c)(B)(1) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

58.  Defendants did not comply with Section 1681g(c)(B)(2) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the frequency and

circumstances under which a consumer is entitled to receive a consumer report without charge.

59.    Defendants did not comply with Section 1681g(c)(B)(3) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to dispute information in the file of the consumer.

60.    Defendants did not comply with Section 1681g(c)(B)(4) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

61.    Defendants did not comply with Section 1681g(c)(B)(5) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

62.    Defendants did not comply with Section 1681g(c)(B)(6) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in Section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)( 1 )(C) of this title.

63.    Defendants conduct in violation of Sections 1681d(a)-(b) and 1681g(c) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and FCRA Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)    Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)    The third-party background check provider in this case, Atlantic Personnel & Tenant Screening, Inc., is an established background check provider;

(c)    The plain language of the statute unambiguously indicates that Defendants may not procure or cause to be prepared an investigative consumer report on Plaintiff and/or FCRA Class Members unless it is clearly and accurately disclosed to them that an investigative

consumer report including information as to their character, general reputation, personal characteristics, and mode of living is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and includes a statement informing them of their right to request the additional disclosures.

64.    Defendants willfully violated and continue to violate the FCRA including, but not limited to, Sections 1681d(a)-(b) and 1681g(c). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

65.    By willfully failing to provide Plaintiff and FCRA Class Members with the above-described information informing their of their right to request additional disclosures under the FCRA and further failing to provide them with a written summary of their rights under the FRCA, Defendants deprived Plaintiff and Class Members of their legal right to this information.

66.    Accordingly, Plaintiff, on behalf of himself and all FCRA Class members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs for Defendants' violations of 15 U.S.C. §§ 1681d(a)-(b) and 1681g(c).

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1786, ET SEQ.

### (INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT)

**(Against All Defendants and DOE Defendants by Plaintiff and the ICRAA Class)**

67.    Plaintiff hereby incorporates by reference paragraphs 1-66 above, as if fully set herein by reference.

68.    Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

69.    Plaintiff and ICRAA Class Members are "consumers" within the meaning Cal. Civ. Code § 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

70.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Thus, a background check qualifies as an investigative consumer report under the ICRAA.

71.    Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

72.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(A)    The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B)    The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i)    An investigative consumer report may be obtained.

(ii)    The permissible purpose of the report is identified.

(iii)    The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)    Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)    The consumer has authorized in writing the procurement of the report.

73.    On information and belief, and based upon the facts likely to have evidentiary

support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy, practice, and/or procedure of procuring investigative consumer reports or causing investigative consumer reports to be procured for Plaintiff and ICRAA Class Members without providing them any disclosures whatsoever or, in the alternative, without providing them with stand-alone disclosures and obtaining authorization every time, as required by law.

74.     Pursuant to their policies, practices, and/or procedures, Defendants violated section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and ICRAA Class Members with any written disclosure prior to procuring a background report or, in the alternative, by failing to provide Plaintiff and ICRAA Class Members a clear and conspicuous disclosure in writing that consisted solely of the disclosure, which adequately notified the consumer of the nature and scope of the investigation, and failing to obtain written authorization each time an investigative consumer report is sought and procured with a permissible purpose as required by law.

75.     Defendants further violated section 1786.16(a)(2)(B)(i) by failing to disclose that an investigative consumer report may be obtained.

76.     Defendants further violated section 1786.16(a)(2)(B)(ii) by failing to identify the permissible purpose of the report.

77.     Defendants further violated section 1786.16(a)(2)(B)(iii) by failing to provide that he disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

78.     Defendants further violated section 1786.16(a)(2)(B)(iv) by failing to identify he name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

79.     Defendants further violated section 1786.16(a)(2)(B)(v) by failing to notify Plaintiff and ICRAA Class Members in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

80.     Defendants further violated section 1786.16(a)(2)(B)(vi) by failing to notify the Plaintiff and ICRAA Class Members of the Internet Web site address of the investigative consumer reporting agency identified in section 1786.16(a)(2)(B)(iv), or, if the agency has no

Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20.

81.    Accordingly, Defendants willfully violated and continue to violate the ICRAA including, but not limited to § 1786.16(a)(2), Defendants' willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

82.    As a result of Defendants' willful or grossly negligent failure to provide the required form as set forth above, Plaintiff and Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA, among other injuries.

83.    Plaintiff, on behalf of herself and the ICRAA Class Members, seeks all available remedies pursuant to § 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1785, ET SEQ.

### (CONSUMER CREDIT REPORTING AGENCIES ACT)

**(Against All Defendants and DOE Defendants by Plaintiff and the CCRAA Class)**

84.    Plaintiff hereby incorporates by reference paragraphs 1-83 above, as if fully set herein by reference.

85.    Defendants are "persons" as defined by Cal. Civ. Code § 1785.30.

86.    Plaintiff and CCRAA Class Members are consumers within the meaning of Civ. Code § 1785.3(b), because they are "natural individuals."

87.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

88.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as: "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes."

89.     Section 1785.3(f) of the CCRAA defines "employment purposes," when used in connection with a consumer credit report, as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

90.     Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice that: (a) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report; (b) informs the person of the source of the report; and (c) contains a box that the person may check off to receive a copy of the credit report. The employer must provide the report to the applicant or employee contemporaneously and at no charge.

91.     Defendants willfully violated section 1785.20.5(a) of the CCRAA as to Plaintiff and CCRAA Class Members, because they failed to provide written notice to Plaintiff and CCRAA Class Members that references a specific basis for the report under Cal. Lab. Code § 1024.

92.     Defendants willfully violated section 1785.20.5(b) of the CCRAA as to Plaintiff and CCRAA Class Members, because they failed to provide written notice to Plaintiff and CCRAA Class Members that informed them of the source of the report.

93.     Defendants willfully violated section 1785.20.5(c) of the CCRAA as to Plaintiff and CCRAA Class Members, because they failed to provide written notice to Plaintiff and CCRAA Class Members that contained a box that the they may check off to receive a copy of the credit report.

94.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had a

policy, practice, and/or procedure of (a) failing to identify the specific basis under Labor Code §1024.5(a) for use of the report; (b) failing to identify the source of the report; (c) failed to contain a box that the they may check off to receive a copy of the credit report.

95.    Pursuant to that policy, practice, and/or procedure Defendants willfully violated section 1785.20.5(a) of the CCRAA as to Plaintiff and CCRAA Class Members.

96.    Accordingly, Defendants willfully violated and continue to violate the CCRAA including, but not limited to, section 1785.20.5(a) and have violated the privacy rights of Plaintiff and CCRAA Class Members. Defendants' willful conduct is reflected by, among other things, the facts set forth above.

97.    As a result of Defendants' willful conduct as set forth above, Plaintiff and CCRAA Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA, among other injuries.

98.    Plaintiff, on behalf of himself and the CCRAA Class Members, seeks all available remedies pursuant to Civ. Code § 1785.31 including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

99.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civ. Code § 1785.31.

### FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

### (UNFAIR COMPETITION)

### (Against All Defendants and DOE Defendants by Plaintiff and the FCRA, ICRAA, and CCRAA Classes)

100.    Plaintiff hereby incorporates by reference paragraphs 1-99 above, as if fully set herein by reference.

101.    California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair, or fraudulent

business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

102.    As described above, Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violated numerous provisions of the FCRA, ICRAA, and CCRAA.

103.    Defendants have violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and othe1wise take the necessary steps to adhere to the FCRA, ICRAA, and CCRAA.    Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and the FCRA, ICRAA, and CCRAA Class Members and because the conduct offends public policy.

104.    As a result of Defendants' conduct described herein and its willful violations of Bus. & Prof. Code § 17203, Plaintiff and the Class have lost money and suffered harm as described herein.

105.    Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order (a) requiring Defendants to cease the unfair and unlawful practices described herein; and (b) awarding reasonable costs and attorneys' fees pursuant to California Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS FOR RELIEF AND JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

1.    An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel;

2.    A Declaration that Defendants' practices violate the FCRA, ICRAA, CCRAA, and UCL;

3.    An award of statutory, compensatory, special, general, and punitive damages

according to proof against Defendants;

4.     An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

5.     An award of pre-judgment and post-judgment interest, as provided by law;

6.     Leave to amend the Complaint to conform to the evidence produced at trial;

7.     An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. 168lo, Cal. Civ. Code §§ 1786.50 and 1785.31(a), Cal. Civ. Proc. Code § l021.5; and

8.     Such other relief as the Court deems just and proper or as authorized by statute.

Dated:  September 29, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:     _____

Joseph Lavi, Esq.
N. Nick Ebrahimian, Esq.
Vincent C. Granberry, Esq.
Courtney Miller, Esq.
Attorneys for Plaintiff ADELA GASTELUM,
individually and on behalf of other members of the
general public similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff ADELA GASTELUM demands a trial by jury for himself, and on behalf of other members of the FCRA, ICRAA, and CCRAA Classes, on all claims so triable.

Dated:  September 29, 2020

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:  _____

Joseph Lavi, Esq.
N. Nick Ebrahimian, Esq.
Vincent C. Granberry, Esq.
Courtney Miller, Esq.
Attorneys for Plaintiff ADELA GASTELUM,
individually, and on behalf of other members of the
general public similarly situated

23486160

**FAX FILE**

SEP 29 REC'D

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph Lavi, Esq. (SBN 209776);N. Nick Ebrahimian, Esq.(SBN 219270) Vincent C. Granberry, Esq.,(SBN 276483);Courtney M. Miller, Esq. (SBN 327850) LAVI & EBRAHIMIAN, LLP 8889 W. Olympic Boulevard, Suite 200 Beverly Hills, California 90211 | **FILED** ALAMEDA COUNTY **SEP 29 2020** CLERK OF THE SUPERIOR COURT By _____ Deputy |

TELEPHONE NO.: (310) 432-0000   FAX NO.: (310) 432-0001
ATTORNEY FOR *(Name)*: PLAINTIFF ADELA GASTELUM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 2233 SHORELINE DRIVE
MAILING ADDRESS: 2233 SHORELINE DRIVE
CITY AND ZIP CODE: ALAMEDA, CALIFORNIA 94501
BRANCH NAME: GEORGE E. McDONALD HALL OF JUSTICE

CASE NAME: GASTELUM v. HAIR CLUB FOR MEN, LLC, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | RG20075520 JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
  b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
  c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify):*  1 FCRA Violation; 1 ICRAA Violation; 1 CCRAA Violation; 1 UCL Violation

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: SEPTEMBER 29, 2020

Vincent C. Granberry, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

**CIVIL CASE COVER SHEET**

23486158

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** HAIR CLUB FOR MEN, LLC; HAIR CLUB
*(AVISO AL DEMANDADO):* FOR MEN LTD., INC.; and DOES 1 to 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
**ALAMEDA COUNTY**

SEP 2 9 2020

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ADELA GASTELUM, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself
and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*

ALAMEDA SUPERIOR COURT
GEORGE E. McDONALD HALL OF JUSTICE
2233 SHORELINE DRIVE
ALAMEDA, CALIFORNIA 94501

CASE NUMBER:
*(Número de Caso):*
RG20075520

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Joseph Lavi, Esq. (SBN 209776);N. Nick Ebrahimian, Esq. (SBN 219270)     (310) 432-0000  (310) 432-0001
Vincent C. Granberry, Esq. (SBN 276483);Courtney M. Miller, Esq. (SBN 327850)
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Boulevard, Suite 200, Beverly Hills, CA 90211

DATE:          SEP 2 9 2020    Chad Finke     Clerk, by _____, Deputy
*(Fecha)*                          *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Lavi & Ebrahimian LLP
Attn: Granberry, Vincent C
8889 W Olympic Blvd
Suite 200
Beverly Hills, CA   90211

Hair Club For Men, LLC

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Gastelum<br><br>Plaintiff/Petitioner(s)<br>VS.<br><br>Hair Club For Men, LLC<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG20075520</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

    Complex Determination Hearing
    Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/02/2020    TIME: 09:00 AM    DEPARTMENT: 21
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/06/2021    TIME: 09:00 AM    DEPARTMENT: 21
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland


Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/06/2020                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____

                                                                  Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 10/07/2020.

                                      By _____

                                                                  Deputy Clerk

22646185

POS-010

**FAX FILE**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joseph Lavi, Esq. / SBN: 209776<br>Lavi & Ebrahimian, LLP<br>8889 W Olympic Blvd Ste 200   Beverly Hills, CA 90211363B<br>TELEPHONE NO.: (310) 432-0000 | FAX NO. (310) 432-0001 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | FOR COURT USE ONLY<br>**FILED**<br>**ALAMEDA COUNTY**<br>**OCT 2 3 2020**<br>CLERK OF THE SUPERIOR COURT |

alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: alameda, CA 94501
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF: Adela Gastelum | CASE NUMBER:<br>RG20075520 |
| DEFENDANT: Hair Club for Men, LLC, et al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Gastelum v Hair Club for Men |

OCT 2 3 RECD

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: Notice of Hearing
3. a. Party served *(specify name of party as shown on documents served)*:
   **Hair Club for Men LTD., Inc.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Susie Vang - CSC Agent for Service**
   | | | | |
   |---|---|---|---|
   | Age: 30 | Weight: 120lbs | Hair: Black | Sex: Female |
   | Height: 6'6" | Eyes: - | Race: Asian | |

4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 10/19/2020    (2) at *(time)*: 1:51 PM
   b. ☐ by substituted service.  On *(date)*:   at  *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a  declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| PETITIONER: Adela Gastolum<br><br>RESPONDENT: Hair Club for Men, LLC, et al | CASE NUMBER:<br><br>RG20076520 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **Hair Club for Men LTD., Inc.**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: Limited Liability Company |

7. **Person who served papers**
  a. Name: **Katrina Williams - DDS Legal Support**
  b. Address: **2900 Bristol Street  Costa Mesa, CA 92626**
  c. Telephone number: **(714) 662-5555**
  d. The fee for service was: **$ 50.00**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b):
    (3) ☑ registered California process server:
      (i) ☐ owner    ☐ employee    ☑ independent contractor.
      (ii) Registration No.: **2015-10**
      (iii) County: **Sacramento**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **10/21/2020**
    DDS Legal Support
    2900 Bristol Street
    Costa Mesa, CA 92626
    (714) 662-5555
    ddslegal.com

        **Katrina Williams**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

**EXHIBIT B**

SEYFARTH SHAW LLP
Justin T. Curley (SBN 233287)
jcurley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

SEYFARTH SHAW LLP
Eric Suits (SBN # 232762)
esuits@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 498-7032
Facsimile: (916) 558-4839

Attorneys for Defendants
HAIR CLUB FOR MEN, LLC and
HAIR CLUB FOR MEN LTD., INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ADELA GASTELUM, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HAIR CLUB FOR MEN, LLC; HAIR CLUB FOR MEN LTD., INC.; and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No. RG20075520<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Complaint Filed:     September 29, 2020<br>Trial Date: |

66820768v.2

1   Defendants Hair Club for Men, LLC and Hair Club for Men LTD., Inc. ("Defendants"), hereby

2   answer and assert the following affirmative and other defenses to the unverified individual and

3   purported class-action Complaint ("Complaint") filed by Plaintiff Adela Gastelum ("Plaintiff"), as

4   follows:

5   **GENERAL DENIAL**

6   Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendants deny,

7   generally and specifically, each and every allegation, and each purported cause of action contained in

8   the Complaint.  Defendants further deny, generally and specifically, that Plaintiff has been damaged in

9   any amount, or at all, by reason of any alleged act or omission of Defendants.  Defendants further deny,

10  generally and specifically, that Plaintiff is entitled to any legal or equitable relief within the jurisdiction

11  of this Court.

12  **AFFIRMATIVE AND OTHER DEFENSES**

13  In further answer to the Complaint, and as separate and distinct affirmative and other additional

14  defenses, Defendants allege as follows, without thereby assuming the burden of proof on any defense on

15  which they would not otherwise have the burden of proof by operation of law:

16  **FIRST DEFENSE**

17  **(Failure to State a Cause of Action Or Claim For Relief)**

18  1.   Neither the Complaint as a whole, nor any purported cause of action alleged therein,

19  states facts sufficient to constitute a cause of action or claim for relief against Defendants.

20  **SECOND DEFENSE**

21  **(Statute Of Limitations)**

22  2.   Plaintiff's claims and/or the putative class members' claims are barred in whole or in part

23  to the extent they occurred and/or accrued outside the applicable statutes of limitations.

24  **THIRD DEFENSE**

25  **(Failure To Mitigate)**

26  3.   To the extent that Plaintiff and/or putative class members have failed to mitigate their

27  alleged damages, Plaintiff's and/or the putative class members' claims for relief are barred.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

66820768v.2

### FOURTH DEFENSE

### (Lack Of Standing)

4.     To the extent Plaintiff and/or putative class members suffered no cognizable harm, such individuals lack standing to bring suit against Defendants.

### FIFTH DEFENSE

### (Compliance with Disclosure and Authorization Requirements)

5.     At all relevant times, and before procuring any consumer report, Defendants complied with each of the disclosure and authorization requirements set forth in the Fair Credit Reporting ("FCRA"), Investigative Consumer Reporting Agencies Act ("ICRAA"), and Consumer Credit Reporting Agencies Act ("CCRAA"), to the extent applicable.

### SIXTH DEFENSE

### (Release)

6.     To the extent Plaintiff or any putative class member has executed a release encompassing claims alleged in the Complaint, those claims are barred by that release.

### SEVENTH DEFENSE

### (Waiver)

7.     Plaintiff and the purported class have waived their right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendants.  Plaintiff or any putative class member, by their own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.

### EIGHTH DEFENSE

### (Estoppel)

8.     Plaintiff and the purported class are barred by the doctrine of estoppel from pursuing the Complaint, and each purported cause of action alleged therein.  Plaintiff or any putative class member, by their own conduct and actions, are estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## NINTH DEFENSE

### (Laches)

9.      The claims in the Complaint, and each purported cause of action alleged therein, are barred by the doctrine of laches because Plaintiff or putative class members exercised inexcusable delay in commencing this action.

## TENTH DEFENSE

### (Unclean Hands)

10.      Plaintiff and putative class members are precluded from maintaining the Complaint, and each purported cause of action alleged therein, because they engaged in conduct showing unclean hands.

## ELEVENTH DEFENSE

### (Not Appropriate For Class Action)

11.      The Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff cannot establish commonality of claims; (b) Plaintiff cannot establish typicality of claims; and (c) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

## TWELFTH DEFENSE

### (Class Action Not Superior Method Of Adjudication)

12.      The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

## THIRTEENTH DEFENSE

### (Inadequate Class Representative)

13.      The Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff is not an adequate representative of alleged class that he purports to represent.  Defendants allege that Plaintiff does not have claims typical of the alleged class, if any, and that Plaintiff's interests are antagonistic to the alleged class he purports to represent.  As such, the class action claims and allegations fail as a matter of law.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

66820768v.2

**FOURTEENTH DEFENSE**

**(No Entitlement to Statutory/Punitive Damages In The Absence Of Any "Willful" Violation)**

14.     Plaintiff and/or putative class members are not entitled to statutory and/or punitive damages because Defendants made good faith efforts to comply with the FCRA, ICRAA, and CCRAA (to the extent applicable), and Defendants' reading of their obligations under the FCRA, ICRAA, and CCRAA (to the extent applicable) was objectively reasonable, not reckless, consistent with existing law, consistent with the relevant statutory text, and made in good faith.

**FIFTEENTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional)**

15.     Plaintiff is not entitled to punitive damages because such an award would violate the right of Defendants to be protected from "excessive fines," as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California. Moreover, such an award would violate the right of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**SIXTEENTH DEFENSE**

**(No Causation)**

16.     Any damages sustained by Plaintiff and/or putative class members were not proximately caused by Defendants.

**SEVENTEENTH DEFENSE**

**(Lack of Standing for UCL Claim)**

17.     Plaintiff lacks standing to assert his claim under California's Unfair Competition Law, California Bus. & Prof. Code 17200 ("UCL").

**EIGHTEENTH DEFENSE**

**(No Unfair Business Practice)**

18.     Defendants allege that the Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendants are not unfair, unlawful or fraudulent, the public is not

4

66820768v.2

likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## NINETEENTH DEFENSE

### (Failure To Allege Facts To Support Restitution)

19.    The Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific and individualized amount of property claimed by Plaintiff or any other member of the purported class as required for a remedy of restitution under the UCL.

## TWENTIETH DEFENSE

### (Inability To Pursue Attorneys' Fees Under UCL)

20.    The Complaint, and each purported cause of action alleged therein, fails to the extent that it seeks attorneys' fees and costs because Plaintiff and putative class members cannot show the enforcement of an important right affecting the public interest.

## TWENTY-FIRST DEFENSE

### (Adequate Remedy At Law)

21.    Plaintiff and putative class members are not entitled to the equitable relief sought insofar as they have an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief.

## TWENTY-SECOND DEFENSE

### (Preemption)

22.    Plaintiff's claims under the UCL and ICRAA are preempted by the FCRA.

## TWENTY-THIRD DEFENSE

### (Right To Raise Other Defenses)

23.    Defendants hereby give notice that they intend to rely upon such other and further affirmative and additional defenses as may become available during discovery in this action, and Defendants reserve the right to amend this Answer to assert any such defenses.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

66820768v.2

**TWENTY-FOURTH DEFENSE**

24.     Plaintiff's claims under 15 U.S.C. §1681d / 1681g(c) fail because Defendants did not order an "investigative consumer report" regarding Plaintiff or putative class members, as that phrase is defined in the FCRA.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiff's claims under California Civil Code § 1785, *et seq.* ("CCRAA") fail as a matter of law because Defendants did not procure credit information regarding Plaintiff or putative class members.

**PRAYER**

WHEREFORE, Defendants prays for judgment as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.     That Defendants be awarded reasonable attorneys' fees according to proof;

4.     That Defendants be awarded their costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: November 18, 2020                    Respectfully submitted,

SEYFARTH SHAW LLP

By:
    Justin T. Curley
    Eric Suits
Attorneys for Defendants
HAIR CLUB FOR MEN, LLC and
HAIR CLUB FOR MEN LTD., INC

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

66820768v.2

## **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428. On November 18, 2020, I caused to be served the within document(s):

**DEFENDANTS' ANSWER TO COMPLAINT**

☒ by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at 400 Capitol Mall, Suite 2350, Sacramento, California, addressed as set forth below.

☐ by causing personal delivery, through Nationwide Legal, Inc., the document listed above to the persons at the addresses set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Sacramento, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via e-mail addresses set forth below.

Joseph Lavi                           Attorneys for Plaintiff
N. Nick Ebrahimian
Vincent C. Granberry                  jlavi@lelawfirm.com
Courtney M. Miller                    nebrahimian@lelawfirm.com
LAVI & EBRAHIMIAN, LLP                vgranberry@lelawfirm.com
8889 W. Olympic Blvd., Ste. 200       cmiller@lelawfirm.com
Beverly Hills, CA 90211
Facsimile: 310/432-0001

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 18, 2020, at Sacramento, California.


_____
Shelley D. Gordon

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

66820768v.2